IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| Christopher Durfee ) <br> 2548   Rainey Allen Road ) <br> Tallahassee, FL 32310 ) <br>  ) <br> Appellant ) <br>  ) <br> vs. ) <br>  ) <br> DEPARTMENT OF THE NAVY ) <br> BOARD FOR CORRECTION OF ) <br> NAVAL RECORDS ) <br> 701 S. Courthouse Road, Suite 1001 ) <br> Arlington, Virginia 22204-2490 ) <br>  ) <br>  ) <br> Appellee ) <br> _____/ | CASE NO. 4:21CV314 MW MJF <br><br> JUDGE <br><br> **APPEAL FROM THE RULING OF THE DEPARTMENT OF THE NAVY BOARD FOR CORRECTION OF NAVAL RECORDS** |

Now comes the Plaintiff and files this Appeal from a ruling of the Board for Correction of Naval Records saying as follows:

1.     This is an appeal from a Decision rendered by the Department of Navy Board for Correction of Military Records dated February 27, 2021. *(Exhibit 2, Hill Letter)*

## VENUE AND JURISDICTION

2.     Venue in this Court is proper pursuant to 28 U.S.C.S. §1402 because Appellant Christopher Durfee ("Durfee") resides within the territorial jurisdiction of this Court at the address listed in the caption above. This matter is ripe for an appeal to this court pursuant to 10 U.S.C.S. §1558.

3.     This court has jurisdiction to reverse the Order of the Board of Corrections if the same is: 1) contrary to law; 2) arbitrary and/or capricious; or, 3) unsupported by substantial evidence in a case.

**Page 1 of 15**



4.      As set forth below, the decision of the Board for Correction of Naval Records was contrary to law, arbitrary and capricious and unsupported by substantial evidence.

## FACTUAL ALLEGATIONS

5.      Durfee entered the Navy on July 10, 1987.  He was released from active duty, February 14, 2007, under a discharge for bad conduct. (Exhibit 1 Application for Correction of Military Record, Service Record Tab).

6.      The awards Mr. Durfee earned during his service are voluminous. A substantially shortened list is noted herebelow. There are four pages in an Excel Spreadsheet listed in the Application for Correction. Mr. Durfee was an outstanding Seabee.

**MERITORIOUS UNIT COMMENDATION MEDAL, JOINT MERITORIOUS UNIT MEDAL, NATIONAL DEFENSE SERVICE MEDAL, BATTLE "E" RIBBON, GOOD CONDUCT MEDAL (2), KUWAIT LIBERATION MEDAL(KUWAIT), NAVY AND MARINE CORPS OVERSEAS SERVICE RIBBON (2),**

***See Exhibit 1, Service Record Tab, and Exhibits 2.1 to 2.9***

7.      Mr. Durfee was an esteemed Seabee. He loved his job and being in the NAVY.

8.      The appellant's marriage with [Ms. Chang] his wife of five months had become strained, and the appellant had begun talking about divorce. *IN THE U.S. NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS, p. 2, September 15, 2005*

9.      The marriage of Petitioner Durfee and Ms. Chang "his wife of five months **had become strained**" ... *supra.*

10.      There were many causes for strain that existed in the marriage, but the main cause of the strain on Mr. Durfee's recent marriage to Ms. Chang was that she was committing fraud, by using her Dependent ID Card in Puerto Rico, purchasing foodstuffs from the Base Commissary for resale in Ms. Chang's Mother's restaurant in Puerto Rico.

11.     Mr. Durfee knew that he was responsible for any fraudulent use of the Dependent ID Card and that if he were convicted of her fraudulent use of her Dependent ID Card, he would suffer irreparable consequences.

12.     Mr. Durfee warned Ms. Chang that she must stop using the card to convert government subsidized foodstuffs to secure personal betterment for Ms. Chang's mother and Ms. Chang.

13.     Ms. Chang refused to stop using the card fraudulently, and regardless of the warnings, Ms. Chang refused to concomitantly cease committing fraud.

14.     Therefore, Durfee moved to have her card revoked.

15.     Shortly thereafter Ms. Chang accused Mr. Durfee of forcible sodomy and other crimes that allegedly occurred months before in Delray Beach, Florida.

16.     Ms. Chang was approximately 25 years old when the allegation of sexual abuse allegedly occurred. Ms. Change was a grown adult as was Durfee.

17.     Mr. Durfee was charged with numerous crimes in the teeth of the fact there was not a scintilla of physical evidence supporting charges that any non-consensual sexual assault had occurred.

18.     Mr. Durfee chose to proceed to a full court-martial, knowing with certainty he was not guilty of the crimes he had been maliciously accused of by his soon to be ex-wife.

19.     Mr. Durfee was convicted of violations of Articles: 125; 128; and 134 on July 8, 1998, after trial.

20.     Mr. Durfee appealed the conviction, and the Appellate Court dismissed several counts in the Order set down by that court September 15, 2005.

21.     A Petition for Writ of Certiorari was filed on December 11, 2006.

22.   The Writ was denied on January 16, 2007.

23.   Mr. Durfee filed an Application for Correction of Military Record with the Naval Board of Corrections in April 2020. *(Exhibit 1, Application Tab)*

*24.*   That application included an affidavit provided by Mr. Sean Shepard, Mr. Durfee's trial counsel for the court martial.   *(Exhibit 1 Application for Correction of Military Record, Exhibit 1 Tab).*

25.   Mr. Shepard swore that at no time was the jury in the court martial offered the lesser included offense of consensual sodomy.

26.   That Application was denied on February 17, 2021.

27.   In the letter denying Correction *(Exhibit 2)* Ms. Hill stated that the jury was provided lesser included offenses as required by the Code.

28.   However, Ms. Hill did not provide the trial transcript or jury instructions.

29.   Mr. Durfee emphatically avers that the lesser included offense of consensual sodomy was NOT OFFERED TO THE JURY, and the failure of that documentation being provided by Ms. Hill (once it surfaces) will eventually provide one of the elements that must be proven by Mr. Durfee to authorize jurisdiction of this Court to grant relief.

30.   When the record of the jury instructions finally surfaces the absence of the instruction to consider the lesser included offense of consensual sodomy will constitute *per se* reversible/structural error.

31.   While that Application was pending A Petition for Writ of Coram Nobis was filed in the UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS in September 2020. That Petition is pending. *(Exhibit 3)*

32.   Mr. Durfee has exhausted all administrative remedies.

## THE DENIAL OF THE APPLICATION WAS CONTRARY TO LAW

33.     During this entire period, over 23 (Twenty-Three) years, Mr. Durfee's Defense Counsel for the court martial: Mr. Sean Shapard, was plagued by the patent error Mr. Shepard committed during the trial.

34.     That error: failure to demand that the lesser included offense of consensual sodomy be offered to the panel constituted a *per se* reversible/structural error under Federal Law and the Law in the State of Florida.

35.     Mr. Shepard specifically addressed this issue that has awakened him and caused him angst for over 23 (Twenty-three) years.

36.     Mr. Durfee prays this Court will note the comment of Mr. Shepard in the attached Sworn Affidavit, reiterating a moment at the conclusion of the court martial:

37.     In speaking to one of the members following the trial, the juror made the comment to Affiant that the jury had found Mr. Durfee guilty of the charge of sodomy **"only because [they] had to"** because it **"was technically against the law."** *(Exhibit 1 Application for Correction of Military Record, Exhibit 1 Tab)*

> Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged,[5] it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater. The Federal Rules of Criminal Procedure deal with lesser included offenses, see Rule 31 (c),[6] and the defendant's right to such an instruction has been recognized in numerous decisions of this Court. See, *e. g., Sansone* v. *United States,* 380 U. S. 343, 349 (1965); *Berra* v. *United States,* 351 U. S. 131, 134 (1956); *Stevenson* v. *United States,* 162 U. S. 313 (1896).[7]

> *Keeble* v. *United States,* 412 US 205, 208 (Supreme Court 1973)

38.     The foundation for the mandatory law circumscribing jury instructions regarding lesser included offenses is to specifically offer an option to a jury other than jury nullification.

39.     Mr. Durfee argues that the comments made by that juror specifically inform as to the fact that other than convicting on forcible sodomy, because of this egregious error by the trial judge and counsel for the defense and the government, the jury was foreclosed from any choice other than: 1) convict on forcible sodomy; or, 2) reach a finding of not guilty.

40.     Rule 31 (c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged, or an offense necessarily included therein if the attempt is an offense." The rule codified pre-existing law, in particular former § 565 of Tit. 18, Act of June 1, 1872, § 9, 17 Stat. 198. See _Berra_ v. _United States, 351 U. S. 131,_ 134 and n. 6 (1956). _Keeble v. United States,_ 412 US 205, 208 (Supreme Court 1973) n. 6

41.     The denial letter explaining the reasons the Board of Corrections ruled against Durfee's Application stated:

> Moreover, the court-martial members were provided with standard jury instructions including an instruction on lesser included offenses by the military judge in your case. Additionally, Article 66(c) of the Uniform Code of Military Justice states, that in a case referred to it, the NMCCA may act only with respect to the findings and sentence as approved by the convening authority, and that the NMCCA may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In other words, the NMCCA has a duty to conduct a legal and factual sufficiency review of the case _regardless_ of whatever errors were or were not asserted/assigned by appellate defense counsel. If IAC had occurred at any stage in your case, a three judge [sic] panel on the NMCCA would have concluded such and ordered the appropriate relief. The NMCCA affirmed certain guilty findings and the sentence in your case, and NMCCA did not identify any substantive, evidentiary, or procedural defects, including IAC. Accordingly, there is insufficient support for the contention that IAC occurred.

### Hill Letter (Exhibit 2)

42.     Mr. Durfee does not question the integrity of Ms. Hill, or the process required by statute.

43.     Mr. Durfee does find that the failure of the Board to provide the trial transcript or the specific jury instructions with the denial letter is informative.

44.     In the conscious act of not providing this critical evidence Ms. Hill left open this meritorious challenge so that it remains unresolved (when by simply providing the jury instructions this issue could be resolved, *instanter*).

45.     In the alternative, Ms. Hill created an ongoing challenge, one that will be pursued incessantly by Mr. Durfee, that the decision to deny Mr. Durfee's application was not supported by substantial evidence.

46.     Mr. Durfee believes that the reason Mr. Hill's letter was ambiguous on this point because the evidence does not support the Board's decision and it will show that Mr. Durfee's conviction was indeed secured only by the trial result evinces per se reversible/structural error.

47.     If the Board found that the lesser included offenses were offered to the trial panel to consider, then show the parties that. That would be so simple.

48.     The decision by the Board to deny Mr. Durfee his Application can only be justified with reliance upon: Unsupported Substantial Evidence.

49.     The Affidavit of Mr. Shepard is provided against Mr. Shepard's penal interests which this Court should give distinguished heritage:

> The "against penal interest" exception to the hearsay rule—unlike other previously recognized firmly rooted exceptions—is not generally based on the maxim that statements made without a motive to reflect on the legal consequences of one's statement, and in situations that are exceptionally conducive to veracity, lack the dangers of inaccuracy that typically accompany hearsay. The exception, rather, is founded on the broad assumption "that a person is unlikely to fabricate a statement against his own interest at the time it is made."

> *Chambers* v. *Mississippi,* 410 U. S. 284, 299 (1973).

> We have previously noted that, due to the sweeping scope of the label, the simple categorization of a statement as a "`declaration against penal interest' . . .defines

too large a class for meaningful Confrontation Clause analysis." *Lee* v. *Illinois, 476 U. S., at 544, n. 5*. In criminal trials, statements against penal interest are offered into evidence in three principal situations: (1) as voluntary admissions against the declarant; (2) as exculpatory evidence offered by a defendant who claims that the declarant committed or was involved in the offense; and (3) as evidence offered by the prosecution to establish the guilt of an alleged accomplice of the declarant. It is useful to consider the three categories and their roots separately.

Statements in the first category—voluntary admissions of the declarant—are routinely offered into evidence against the maker of the statement and carry a distinguished heritage confirming their admissibility when so used. See G. Gilbert, Evidence 139-140 (1756); *Lambe's Case, 2 Leach 552, 168 Eng. Rep. 379 (1791)*; *State* v. *Kirby, 1 Strob. 155, 156 (1846)*; *State* v. *Cowan, 29 N. C. 239, 246 (1847)*.

***Lilly v. Virginia, 527 US 116, 126-127 (1999)***

50.     Thus, assuming Mr. Shepard's statement was provided in conformance with constitutional prerequisites, the statement should be unquestionably admissible and considered with great weight.

51.     More importantly Mr. Shepard's Affidavit should be afforded the respect it was due by the Board and by Ms. Hill.

52.     A respected private lawyer has conceded without qualifications that he "screwed the pooch".

53.     Mr. Durfee is not predicting the world will stop turning because of Mr. Shepard's Affidavit, but he does believe that this Honorable Court - in decades of practicing law - and now as a United States District Judge could count on one hand the times a lawyer has - with aforethought - conceded making an egregious error in his/her representation of a criminal defendant.

54.     Mr. Durfee by and through Mr. Shepard emphatically avers that there was no instruction provided to the jury in the court martial requiring that panel to consider the lesser

included offense of consensual sodomy between a wife and her husband, who were both, in their mid-20s and without any opposition by Appellee, consenting adults.

55.     Mr. Shepard made a voluntary, declaration against his penal interests, a declaration that was unlikely fabricated since it was clearly "against his own interest at the time it [was]made." ***Chambers, supra***

56.     The disrespect shown by the Board to the declaration against penal interests made by a highly respected private attorney now, and previously a respected member of the JAG BAR might be considered to be rude:

> The Board also noted that there is no convincing evidence in the record to support your contention that you did not receive adequate representation or experienced IAC, and your defense counsel's statement that he was purportedly ineffective at trial does not make it so.

***Hill Letter Exhibit 2, supra @ p. 2***

57.     While the implicit disrespect shown to Mr. Shepard is of some import; what is critically important is that the failure of the panel to receive lesser included offense instructions was ***per se*** reversible/structural error, both under Federal Law and the Law of the State of Florida.

58.     First, we offer citations to both Keeble and Sparf, infra, and commentary by the Florida Supreme Court discussing Federal Law:

> With respect to offenses against the United States, it is well established "that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." <u>*Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973)</u>. Long ago, in <u>*Sparf v. United States,* 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895)</u>, the Supreme Court rejected the argument that juries possess the power to return a verdict for a lesser included offense that is without an evidentiary basis.

***Haygood v. State, 109 So. 3d 735, 745 (Fla. 2013)***

59.     Then we move to Florida Law:

Unfolding the full implications of the jury pardon doctrine, we have treated the failure to provide a correct instruction on a one-step-removed necessarily lesser included offense as per se reversible error and as fundamental error without regard to whether there is any evidentiary basis for an instruction on the lesser offense. *See State v. Lucas, 645 So.2d 425, 426-27 (Fla.1994)* (holding that "when a defendant has been convicted of either manslaughter or a greater offense not more than one step removed, ... failure to explain justifiable and excusable homicide as part of the manslaughter instruction always" results in fundamental and per se reversible error, "regardless of whether the evidence could support a finding of either justifiable or excusable homicide"); *State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978)* (relying on need for jury to be given "a fair opportunity to exercise its inherent 'pardon' power by returning a verdict of guilty as to the next lower crime" to support holding that "failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible"); *Lomax v. State, 345 So.2d 719, 720-21 (Fla.1977)* (referring to "policy concept of 'jury pardon'" and holding that failure to instruct on a lesser-included offense constitutes per se reversible error regardless of whether the evidence to convict the defendant on the greater offense is overwhelming based on the jury pardon rationale) (disapproved in situations involving necessarily lesser included offenses that are multiple steps removed from the principal offense by *Abreau, 363 So.2d at 1064*).

***Haygood v. State, 109 So. 3d 735, 748 (Fla. 2013)***

60.     The denial letter promulgated by Ms. Hill *(Exhibit 2)* discusses a run-of-the-mill claim for Ineffective Assistance of Counsel ("IAC"),    not a case that evinces *per se* structural/reversible error.

61.     This assertion by Mr. Shepard, that the panel was never given a lesser included instruction should not be analyzed relying on *Strickland:* this case was a case that should have been analyzed relying on the case law that reviews possible *per se* reversible/structural errors.

62.     The failure to require the panel to consider the lesser included offense of consensual sodomy constitutes the rare; second type of ineffective assistance of counsel claim, a *per se* fundamental/structural error:

63.    The statement by Ms. Hill was patently Contrary to Law, and under both Federal Law and the Law of the State of Florida, the conviction obtained was a *per se* reversible/structural error.

## THE BOARD'S DECISION WAS ARBITRARY AND CAPRICIOUS

64.    The Board of Corrections for Naval Records ("BCNR") decision denying the Application was arbitrary and capricious under 10 U.S.C. § 1558(f)(3) because: (1) it failed to consider Mr. Shepard's declaration against penal interests, which if taken as true would require vacating the conviction of Mr. Durfee pursuant to well-established law as set down by both the United States Supreme court and the Supreme Court of the State of Florida; and 2) the denial lacked a complete record.

*65.*    Although a correction board's decision to act is uniquely discretionary, it is still required to explain how it reached its decision *KREIS, v. SECRETARY OF the AIR FORCE, 866 F.2d 1508, 1514 (D.C. Cir.1989):*

> When the BCNR denies a petition to correct a record, it must provide a "brief statement of the grounds for denial," which must include "the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory, and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based." 32 C.F.R. § 723.3(e). But "[a]ll that is required is that the [BCNR's] decision minimally contain a rational connection between the facts found and the choice made."

> *Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997)* (internal quotation marks and citations omitted).

66.    The statement by Ms. Hill says all that needs to be said:

> The Board also noted that there is no convincing evidence in the record to support your contention that you did not receive adequate representation or experienced IAC, and your defense counsel's statement that he was purportedly ineffective at trial does not make it so. The Board concluded that you failed to meet your burden to show that: (a) your defense and appellate counsels' performance was deficient and fell below an objective standard of reasonableness, and (b) that there was a reasonable probability of a more favorable result had your alleged deficiencies actually occurred. Moreover, the court-martial members were provided with standard jury instructions

including an instruction on lesser included offenses by the military judge in your case.

*Hill Letter Exhibit 2, supra @ p. 2*

67.     The problem with Ms. Hill's statement is that it supports a run-of-the-mill analysis of a criminal trial for ineffective assistance of counsel, relying upon a *Strickland* analysis.

68.     That is not what occurred in the instant case.

69.     A substantive violation of Mr. Durfee's rights, embraced and protected by the Constitution of the United States and of the State of Florida, which requires a lesser included offense to be offered to a panel in a court-martial, or to a jury in a civil/criminal trial held in any state in the Union or in the United States District Court, occurred in this case.

70.     It is the position of Mr. Durfee that until this Court is shown in the trial record, or in the jury instructions that the lesser included offense of consensual sodomy was offered to the panel, then the conviction must be vacated.

71.     Why does it matter?

72.     Mr. Durfee was convicted of several acts of criminality in 1998.

73.     While many of the counts Mr. Durfee was charged with were dismissed in the appellate process, the conviction for forcible sodomy stands.

74.     As a result, a statute that originated several years after the act of criminality occurred (Florida Sex Offender Registry) requires Mr. Durfee to report and to respond to his reporting officer.

75.     An officer Mr. Durfee reported to in 2015 issued an extra-judicial requirement in the reporting conditions imposed upon Mr. Durfee.

76.     That requirement was found to be an extra-judicial modification to Mr. Durfee's reporting requirements.

77.     Until that unlawful reporting requirement was rejected by a Circuit Court Judge (the Honorable James Hankinson of the Second Judicial Circuit - as occurred in 2018) Mr. Durfee is subjected to the whims of a reporting officer.

78.     In that case Mr. Durfee spent about 90 (ninety) days confined at the Leon County Detention Center.

79.     Mr. Durfee would never question the infinite wisdom of the Supreme Court of the United States as set down in *Smith v. Doe* 538 US 84 (2003) that determined that the sex offender registration statutes are not precluded by the protection of the Ex Post Facto Clause, the history of this case is that Mr. Durfee was detained for almost 90 days in 2018 because of an extra-judicial requirement laid down by the officer Mr. Durfee was reporting to.

*80.*     While that detention could not have been challenged raising the fact that the Florida Sex Offender Registration statutory scheme in this case certainly seems to constitute a violation of the *Ex Post Facto Clause*, vacating the conviction for Forcible Sodomy is the single way in which Mr. Durfee will not be required to look in his rear-view mirror for the balance of his life.

81.     ***Smith v. Doe 538 U.S. 84 (2003)*** abrogates this challenge.

82.     In an Application for Correction, hoping for clemency, Mr. Durfee recognized that any decision of the Board of Corrections for Naval Records to grant clemency for post-conviction, post-discharge behavior is based solely in mercy.

83.     Mr. Durfee has carried the frustration for over 23 (Twenty-Three) years, the post-conviction influences on his life.

84.    Influences that resulted from a conviction laid as retaliation by an estranged ex-wife, who was vindictive because Mr. Durfee's character, a character founded on integrity, foreclosed her ability to defraud the United States.

85.    In the teeth of that justified frustration, Mr. Durfee has been an exemplary citizen, evinced by the voluminous letters of recommendation from those whose lives he has enhanced. *(Exhibit 1, pervasively shown)*

86.    The altruistic, community-based devotion of his time and effort to being an esteemed and exemplary citizen, apparently did not matter to the Board of Corrections, although one of the reasons for the existence of the Board is to grant mercy to those who have earned such mercy.

87.    Possibly the ample, extensive record of his being an upstanding citizen may be of consequence to this Honorable Court.

## THE   BOARD'S DENIAL WAS UNSUPPORTED BY SUBSTANTIAL EVIDENCE

88.    Mr. Durfee has presented clear and convincing evidence that the conviction obtained in 1998 by the NAVY was *per se*, reversible/structural error.

89.    The Board has replied with no recognition whatsoever for the simple request that the Board supply substantial evidence that the panel was required to consider the lesser included offense of voluntary sodomy.

> A court may set aside an agency's decision if the agency "'entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or the decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Ala. Aircraft Indus., Inc. v. United States,* 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983)). However, "[w]hen substantial evidence supports the board's action, and when that action is reasonable in light of all the evidence presented, the court will not disturb the result." *Pope v. United States,* 16 Cl. Ct. 637, 641 (1989). The court's review "does not require a reweighing of the

evidence, but a determination whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig, 719 F.2d at 1157.*

**CACERES-SOLARI, v. US   No. 18-539C. (US Court of Federal Claims, February 25, 2019)**

90.     Mr. Durfee prays this court will order the production of the jury instructions and trial transcript and subsequent to a plenary review of those documents will find concomitantly that the Affidavit of Mr. Shepard, indeed is on point, and that the jury never was instructed to consider the lesser included offense of consensual sodomy.

<u>**CONCLUSION**</u>

Mr. Durfee incorporates the averments set forth in paragraphs 1 through 90 of this appeal as if set forth at length again; and Mr. Durfee requests such relief as the court deems equitable and proper.

Respectfully submitted,

*/s/Christopher Durfee*
Christopher Durfee
2548 Rainey Allen Road
Tallahassee, FL 32310
(850) 443-0785
cbdurf@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY certify that a true and correct copy of the foregoing APPEAL and all Exhibits were served on Respondent, United States Attorney's Office, 111 North Adams Street, Tallahassee, FL 32301 by placing in the US Mail with adequate postage affixed thereto this 28th day of July 2021.

*/s/Christopher Durfee*
Christopher Durfee