UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER DURFEE,

    Plaintiff,

v.                                                                            Case No. 4:21-cv-314-MW/MJF

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF
NAVAL RECORDS,

    Defendant.
_____/

# ORDER

This case is before the court upon Defendant's motion to dismiss and Plaintiff's notice of voluntary dismissal. Doc. 6; Doc. 10. In light of the notice of voluntary dismissal, Plaintiff's claims will be dismissed without prejudice and Defendant's motion is then moot.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action seeking review of the Navy Board for Correction of Naval Records' ("BCNR") decision denying Plaintiff's application to alter his naval record regarding a court-martial conviction for forcible sodomy and receipt of obscene materials. Doc. 1. Defendant filed a motion to dismiss alleging lack of jurisdiction, statute of limitations, and failure to state a plausible claim for relief. Doc. 6. Plaintiff has filed a notice of voluntary dismissal. Doc. 10.

## II. DISCUSSION

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Thus, the rule provides "a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). Voluntary dismissal in this circumstance is self-executing and ordinarily operates without the need of a court order. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990).

The fact that a defendant filed a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion that was converted to a motion for summary judgment. *In re Bath & Kitchen Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) ("Because a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice."); *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court's dismissal of the action when the plaintiff filed a notice of dismissal after the defendant filed a Rule 12(b)(6) motion); *Kilpatrick v. Tex. & P.R. Co.*, 166 F.2d 788, 792 (2d Cir. 1948) (holding that filing a motion to dismiss for lack of personal

jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case).

In this case, Defendant has neither filed an answer nor a motion for summary judgment. The requirements of Rule 41(a)(1)(A)(i) have been satisfied. Plaintiff's notice of voluntary dismissal, therefore, is effective without court order. Furthermore, under Rule 41, "unless the notice or stipulation otherwise states, the dismissal is without prejudice." Fed. R. Civ. P. 41(1)(B).

### III.  CONCLUSION

Accordingly, it is **ORDERED**:

1.　Plaintiff's claims are **DISMISSED** without prejudice pursuant to Plaintiff's notice of voluntary dismissal. Doc. 10.

2.　Defendant's motion to dismiss, Doc. 6, is **DENIED** without prejudice because it is now moot.

3.　The clerk of the court is directed to close the case file.

**SO ORDERED** this <u>30th</u> day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**